**UNITED STATES DISTRICT COURT**

**FOR THE WESTERN DISTRICT OF LOUISIANA**

**SHREVEPORT DIVISION**

| | |
|---|---|
| **KENNETH SANDERS, SR.** | **CIVIL ACTION NO. 08-673-P** |
| **VERSUS** | **JUDGE HICKS** |
| **STEVE PRATOR, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

**REPORT AND RECOMMENDATION**

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

**STATEMENT OF CLAIM**

Before the Court is a civil rights complaint filed in forma pauperis by pro se plaintiff Kenneth Sanders, Sr. ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this Court on May 14, 2008. Plaintiff is incarcerated at the Caddo Correctional Center in Shreveport, Louisiana. He names Steve Prator and Dr. John Doe as defendants.

Plaintiff claims that in November 2006, he injured his hand when he passed out at the Caddo Correctional Center ("CCC"). He claims he was placed in the infirmary for a day and his blood pressure was monitored. He claims his fingers were sprained during the fall. He claims he was unable to move his fingers because his knuckles were locked in place.

Plaintiff claims that in October 2007, his hand was examined by a doctor at CCC. He claims he did not notice anything different about his hand until this time. He claims the doctor made an appointment for him to see a doctor at LSU Medical Center.

Plaintiff claims that on February 6, 2008, he was examined by a doctor at LSU Medical Center. He claims the doctor diagnosed him with Reflex Sympathetic Dystrophy. He claims the doctor told him that he would give him a brace to stretch his fingers and ordered range of motion exercises. He claims he never received the brace. He claims the doctor told a deputy that his hand was healed and he did not need to return for a follow up visit.

Plaintiff claims his hand is in constant pain and he cannot lay his hand flat because his knuckles are locked in place. He claims his requests to see a doctor have been denied and the staff tells him to do the range of motion exercises that were ordered by the doctor. He claims the exercises are not improving his condition. Plaintiff admits that he has been given Tylenol for his pain. He claims a nurse told him that he is being denied medical care because it is too costly. Plaintiff claims the doctor should have broken his knuckles and reset them.

Accordingly, Plaintiff seeks monetary compensation.

For the following reasons, Plaintiff's complaint should be dismissed.

## LAW AND ANALYSIS

Plaintiff filed this claim pursuant to 42 U.S.C. § 1983 of the Civil Rights Act which provides redress for persons "deprived of any rights, privileges or immunities" by a person acting under color of state law. The particular right protected under 42 U.S.C. § 1983 in matters which concern alleged denial of or inadequate medical care is the Eighth Amendment prohibition against cruel and unusual punishment.

The lack of proper inmate medical care rises to the level of a constitutional deprivation under the Eighth Amendment of the United States Constitution only if the evidence shows that the prison officials showed "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 292 (1976); See also Farmer v. Brennan, 511 U.S. 825, 835, 114 S. Ct. 1970, 1978 (1994). It is only deliberate indifference, "an unnecessary and wanton infliction of pain" or an act "repugnant to the conscience of mankind," that constitutes conduct proscribed by the Eighth Amendment. Estelle, 429 U.S. at 105-06, 97 S. Ct. at 292; See also Gregg v. Georgia, 428 U.S. 153, 96 S. Ct. 2909 (1976). Further, the plaintiff must establish that the defendants possessed a culpable state of mind. See Wilson v. Seiter, 501 U.S. 294, 297-302, 111 S. Ct. 2321, 2323-27 (1991); Farmer, 511 U.S. at 838-47, 114 S. Ct. at 1979-84. In addition, disagreement with the diagnostic measures or methods of treatment afforded by prison officials does not state a claim for Eighth Amendment indifference to medical needs. See Norton v. Dimazana, 122 F.3d 286, 292 (5th Cir. 1997). Finally, a prisoner must also allege

an injury that is more than de minimis, although it need not be significant. See Gomez v. Chandler, 163 F.3d 921, 924 (5th Cir. 1999). See also Siglar v. Hightower, 112 F.3d 191 (5th Cir. 1997).

In this case, after a thorough review of Plaintiff's complaint, read in a light most favorable to him, the Court finds that the facts alleged do not support a finding of deliberate indifference to serious medical needs. To the contrary, the record demonstrates that Defendants were attentive to the medical needs of Plaintiff. It has been consistently held that an inmate who has been examined by medical personnel fails to set forth a valid showing of deliberate indifference to serious medical needs. Norton v. Dimazana, 122 F.2d 286, 292 (5th Cir. 1997); Callaway v. Smith County, 991 F. Supp. 801, 809 (E.D. Tex. 1998); Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985); Mayweather v. Foti, 958 F.2d 91 (5th Cir. 1992). Plaintiff was examined by a doctor at the Caddo Correctional Center and referred to a doctor at LSU Medical Center. He was examined by a doctor at LSU Medical Center. He claims the doctor ordered a brace and range of motion exercises for his hand. He further claims the doctor told the deputy that he did not need to return for a follow up visit because he was healed. Plaintiff admits he was given medication for his pain. However, he disagrees with the medical treatment he received. He claims his knuckles should have been broken and reset. Plaintiff's complaint is devoid of factual allegations that would tend to show Defendants acted with a culpable state of mind or that their actions were "unnecessary and wanton." Furthermore, as previously discussed, disagreement with the

diagnostic measures or methods of treatment afforded by prison officials does not state a claim for Eighth Amendment indifference to medical needs.

Plaintiff's allegations, if accepted as true, may amount to a state law claim for negligence, a tort. However, mere negligence, neglect or medical malpractice does not amount to a denial of a constitutional right as these actions on the part of Defendants do not rise to the level of a constitutional tort. See Daniels v. Williams, 474 U.S. 327, 329-30, 106 S. Ct. 662, 664 (1986); Estelle, 429 U.S. at 106, 97 S. Ct. at 292; Lewis v. Woods, 848 F.2d 649, 651 (5th Cir. 1988). The fact that Plaintiff does not believe that his medical treatment was as good as it should have been is not a cognizable complaint under the Civil Rights Act. See Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985). Prisoners are not constitutionally entitled to the best medical care that money can buy. See Mayweather v. Foti, 958 F.2d. 91 (5th Cir. 1992). Accordingly, Plaintiff's medical claim should be dismissed with prejudice as frivolous.

## CONCLUSION

Because Plaintiff filed this proceeding in forma pauperis ("IFP"), if this Court finds Plaintiff's complaint to be frivolous, it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed. See 28 U.S.C. § 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985). District courts are vested with extremely broad discretion in making a determination of whether an IFP proceeding is frivolous and may

dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact. See Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989).

For the reasons heretofore stated, it is recommended that Plaintiff's complaint be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e).

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objection within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendations set forth above, within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 30th day of March, 2009.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE